UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
         *Plaintiff-Appellee,*

v.

RICKY LEN LOFTIN,
         *Defendant-Appellant.*

No. 01-4750

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Matthew J. Perry, Jr., Senior District Judge.
(CR-00-787)

Submitted: March 29, 2002

Decided: May 6, 2002

Before WIDENER, TRAXLER, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Debra Y. Chapman, DEBRA CHAPMAN, P.A., Columbia, South
Carolina, for Appellant. Marshall Prince, OFFICE OF THE UNITED
STATES ATTORNEY, Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Ricky Len Loftin pled guilty to one count of conspiracy to possess with intent to distribute and to distribute 100 or more, but less than 1000, marijuana plants, in violation of 21 U.S.C. § 846 (1994). The district court sentenced him to 120 months in prison. Loftin now appeals from his conviction and sentence. His attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that in her opinion there are no meritorious issues for appeal but asserting that the district court erred in attributing to Loftin for sentencing purposes 300 marijuana plants. Loftin filed a pro se supplemental brief reiterating counsel's argument and also alleging ineffective assistance of counsel and violation of the plea agreement. For the reasons that follow, we affirm.

Loftin's claim that the district court erred in determining drug quantity is meritless because Loftin stipulated in the plea agreement that, for sentencing purposes, he was responsible for 300 marijuana plants. *United States v. Gilliam*, 987 F.2d 1009, 1013 (4th Cir. 1993). His claims of ineffective assistance are not cognizable on direct appeal because the record does not conclusively show that Loftin was denied effective assistance of counsel. *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). Furthermore, his claim that the government violated the plea agreement by failing to move for a downward departure from the sentencing guidelines on the ground that Loftin refused to forfeit a motorcycle the government suspected was connected to illegal drug activity is meritless. The government agreed in the plea agreement to move for downward departure if Loftin gave information the government found provided substantial assistance in investigating or prosecuting another person. However, the government concluded that, at the time of sentencing, Loftin had not provided such assistance. Loftin's refusal to forfeit the motorcycle was viewed by the government as an indication of Loftin's decision not to provide such information but did not form the basis for the government's decision not to move for a downward departure. Finally, we have reviewed the plea hearing and find that the court substantially complied with the requirements of Fed. R. Crim. P. 11 and that any omis-

sion did not amount to plain error. *United States v. Martinez*, 277 F.3d 517, 524, 527 (4th Cir. 2002).

We have reviewed the entire record in this case in accordance with the requirements of *Anders*, and find no meritorious issues for appeal. Accordingly, we affirm. Loftin's request for appointment of additional counsel is denied. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*